LOCSAJ, Plaintiff-Appellee, v. ANGELO et, Defendants-Appellants.
LOCSAJ, Plaintiff-Appellant, v. LOCSAJ, Defendant-Appellee.

Ohio Appeals, Seventh District, Belmont County.

Nos. 845, 846. Decided December 12, 1949.

Esther Pinsky, Bellaire, for plaintiff-appellant and defendant-appellant Victoria Locsaj.

Thornberg & Lewis, St. Clairsville, for plaintiff-appellee and defendant-appellee Joseph Locsaj.

## OPINION

By PHILLIPS, PJ.

In this opinion the parties will be referred to by the positions they held in the court of common pleas.

In case number 12608, filed in the court of common pleas, Victoria Locsaj sued her husband, Joseph Locsaj, for alimony. Joseph Locsaj answered her petition and cross petitioned her for divorce.

The trial judge granted Joseph Locsaj a divorce on his cross petition on the ground of extreme cruelty, and allowed Victoria Locsaj the "sum of five hundred dollars ($500.00) by way of alimony and property settlement."

In case number 12523, filed in the court of common pleas, Joseph Locsaj sued Victoria Locsaj and her daughter Rose Angelo for partition of real estate, legal title to which at the time of the marriage of the parties resided in Joseph Locsaj, but in which at the time of trial Joseph Locsaj and Rose Angelo each owned in common an undivided one-half part.

In that case the trial judge ordered partition of such real estate as prayed for by Joseph Locsaj.

In appeals numbered 845 and 846 on the docket of this court Victoria Locsaj appealed on questions of law and questions of law and fact respectively from the judgments entered in cases numbered 12608 and 12523 on the docket of the court of common pleas.

The appeal on questions of law and fact was not properly perfected as such from the judgment entered in case number 12608 (appeal number 845), but it appearing that a bill of exceptions was duly filed the words "and fact" were stricken from the notice of appeal and the appeal was retained, argued, submitted, and will be determined as an appeal on questions of law.

The appeal from the judgment entered in case number 12523 (appeal number 846) was properly made as one on questions of law and fact; and Victoria Locsaj having elected to submit it as such upon a transcript of the evidence submitted to the court of common pleas, to which Joseph Locsaj agreed, the appeal in that case was retained, argued, submitted, and will be determined as an appeal on questions of law and fact.

Victoria Locsaj filed no formal assignments of error in either appeal, but by brief filed in each appeal asks us the following questions, which we will treat as assignments of error in the appeal from the action for divorce and alimony, and will

dispose of in our finding made in the appeal from the action for partition:—

"Did the court err in admitting testimony offered by the defendant and objected to by the plaintiff?

"Did the court err in not admitting testimony offered by the plaintiff and objected to by the defendant?

"Was the finding and judgment of the lower court contrary to the evidence?

"Was the finding and judgment of the lower court manifestly against the weight of the evidence?

"Was the finding and judgment of the lower court contrary to the law?

"Was the finding and judgment of the lower court contrary to the law and evidence?

"Was there error of law occurring at the hearing and excepted to by the plaintiff?

"Were there other errors apparent upon the face of the record?"

Each of the parties had been married before. Victoria Locsaj had a minor daughter from her previous marriage, named Rose Angelo, a defendant in the suit in partition. Joseph Locsaj's children were adults.

On October 31, 1942, the time of the marriage of the parties to the respective appeals, title to the real estate sought to be partitioned resided in Dafill Angelo, the deceased husband of Victoria Locsaj, which real estate was mortgaged for $1700.00. Joseph Locsaj paid the costs of administration of Dafill Angelo's estate, and liquidated the mortgage indebtedness on such real estate, which was purchased from Dafill Angelo's estate by him and his wife, Victoria Locsaj. Subsequently Joseph Locsaj expended $2150.00 in repairs, alterations and improvements thereon, making his total investment in such real estate approximately $4,000.00. On the 11th day of December, 1943, Victoria Locsaj conveyed her undivided one-half interest in the real estate sought to be partitioned to her daughter, Rose Angelo, deed to which was recorded in August, 1948, in which conveyance Joseph Locsaj released his right and expectancy of dower in such real estate.

Joseph Locsaj gave his entire substantial earnings to Victoria Locsaj from the time of the marriage of the parties until 1948, when a dispute arose between the parties, which resulted in Joseph Locsaj retaining and handling his earnings until the parties separated late in 1948, and since that time.

While Victoria Locsaj alleged, and introduced evidence in the court of common pleas to show, that Joseph Locsaj struck, beat and otherwise abused her, no serious trouble developed between them until Joseph Locsaj began to handle his own

funds. After that time Victoria Locsaj locked him out of their home, mistreated and abused him in other ways, not necessary to state, to the extent that the trial judge found that Victoria Locsaj was guilty of extreme cruelty toward him.

Further, the evidence discloses that because of the minority of Rose Angelo, at the time of the marriage of the parties to these appeals, Victoria Locsaj was receiving social security benefits, which after Rose Angelo reached her majority would have been suspended until Victoria Locsaj attained sixty-five years of age, if she did.

Considering the evidence briefly outlined herein, the trial judge said in his opinion "the relationship is now such that there is no hope of reconciliation"; and, in view of all the evidence, while granting Joseph Locsaj a divorce was of the opinion (as shown by his opinion) "that the plaintiff (Victoria Locsaj in case number 12608) should have something by way of property settlement with which to rehabilitate herself, and therefore, the court decrees that the defendant (Joseph Locsaj in case number 12608) pay the plaintiff (in that case Victoria Locsaj) the sum of five hundred dollars ($500.00) in full alimony and property settlement."

We have reviewed the evidence submitted to the trial judge carefully; and two members of this court cannot reach the conclusion, at which Victoria Locsaj urges us to arrive, that the trial judge erred to her prejudice in any of the respects claimed by her upon which we pass.

Appellant's counsel has failed to call our attention to "other errors apparent upon the face of the record" as alleged as a ground of error, nor to comply in respect thereto with the provisions of Rule VII of this court that her briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The judgment of the court of common pleas is affirmed in case number 12608, from which judgment Buckley, J., dissents.

Further we have carefully considered the evidence submitted to us in case 12523, and find no merit in the claims of defendants therein, Victoria Locsaj nor Rose Angelo, but do find that Rose Angelo and Joseph Locsaj each own in fee simple an undivided one-half interest in such real estate, which Joseph Locsaj is entitled to have partitioned. Therefore in that case partition of such real property is ordered.

Accordingly an entry in that case drawn in accordance with our finding and this opinion may be presented.

NICHOLS, J, concurs in judgment.

BUCKLEY, J, dissents in appeal No. 845 and concurs in appeal No. 846.